194 F.2d 1015
 SPEVAK
v.
RECONSTRUCTION FINANCE CORP.
 No. 559.
 United States Emergency Court of Appeals.
 Submitted February 25, 1952.
 Decided March 6, 1952.
 
 Benjamin Young, New York City, for complainant.
 J. Gregory Bruce and George Arthur Fruit, Washington, D. C., Attys., Department of Justice, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 PER CURIAM.
 
 
 1
 The complainant, a slaughterer of calves who has been denied subsidy payments for May and June, 1946 because in those months he slaughtered in excess of his quota by amounts exceeding 3%, protested Section 7003.10(a) (4) of Livestock Slaughter Subsidy Regulation No. 3, Revised, under which the subsidy claims were invalidated, together with the action of the respondent in disallowing them. Upon the denial of his protest this complaint was filed.
 
 
 2
 The complainant's first contention is that Section 7003.10(a) (4) is invalid as constituting an unlawful penalty and one which is arbitrary and capricious. There is no merit in this contention. Armour & Co. v. Reconstruction Finance Corporation, Em. App.1947, 162 F.2d 918. His second contention is that he was subjected to illegal discrimination because slaughterers whose subsidy had been withheld for violations of the maximum permissible cost provisions of the cattle stabilization plan and MPR 574 were allowed to apply for relief upon the ground of extenuating circumstances even though their excess costs were more than 3%. But he has wholly failed to show that his "situation has become in all essential respects at least substantially the same as the situation of those claimed to be favored." Cudahy Bros. Co. v. Bowles, Em.App. 1944, 142 F.2d 468, 470. His third contention with respect to the validity of Section 7003.10(a) (4) was not made in his protest and, therefore, may not now be considered. Finally his contention that the respondent's order invalidating his subsidy claims was erroneous is without merit for the order was in strict accordance with the regulation.
 
 
 3
 A judgment will be entered dismissing the complaint.